United States District Court
Southern District of Texas

**ENTERED**

July 28, 2026

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## LAREDO DIVISION

| | | |
|---|---|---|
| **CURTIS JAMES WRIGHT,** | § | |
|     **Petitioner,** | § | |
| | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 5:26-CV-87** |
| | § | |
| **WARDEN, LA SALLE COUNTY** | § | |
| **REGIONAL DETENTION CENTER,** *et* | § | |
| *al.,* | § | |
|     **Respondents.** | § | |

## <u>ORDER</u>

Before the Court is Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, (Dkt. No. 1), and Respondents' Motion for Summary Judgment, (Dkt. No. 12).

Petitioner is detained at the South Texas ICE Processing Center in Texas. (Dkt. No. 12 at 1). On January 21, 2026, Petitioner filed this Petition challenging his detention in federal immigration custody. Petitioner alleges that his detention has become punitive and violates both his procedural and substantive due process rights and that Respondents have responded to his medical needs with deliberate indifference.

On July 6, 2026, the Court ordered Respondents to file supplemental briefing in light of the Fifth Circuit's panel decision in *Sosnava Rodriguez v. Ortega*, No. 26-50183 (5th Cir. July 2, 2026). Respondents timely filed their supplemental briefing and clarified that Petitioner is detained under 8 U.S.C. § 1225(b)(2)(A). (Dkt. No. 22). Respondents acknowledged that Petitioner's counsel filed a motion to withdraw his appeal of his removal order to the Board of Immigration Appeals (BIA) on July 8, 2026. (*Id.* at n.1). Respondents noted that at the time of the supplemental briefing, the BIA had not issued a ruling on that motion, but if that motion were granted, and the appeal is dismissed, Petitioner's removal order would become final, and be subject to detention under 8 U.S.C. § 1231. (*Id.*).

Shortly after Respondents filed their advisory, the Fifth Circuit granted rehearing en banc in *Sosnava*. The court's grant of rehearing en banc vacated the panel opinion. *See* 5th Cir. R. 41.3 (effect of granting rehearing en banc).

Petitioner filed a reply to Respondents' supplemental briefing. (Dkt. No. 23). There, Petitioner confirmed that the BIA granted Petitioner's motion to withdraw his appeal, making his removal order administratively final. (*Id.* at 1). As such, Petitioner concedes that his detention authority has shifted to 8 U.S.C. § 1231, which mandates his detention while Respondents work to effectuate his removal. (*Id.* at 1–2).

Regardless of his detention authority, Petitioner contends that the Fifth Amendment obligates Respondents to provide him with constitutionally adequate medical care. (Dkt. No. 23 at 4). Petitioner has submitted evidence of his chronic medical condition that requires regular medical attention and access to his prescribed medications. (Dkt. No. 23 at 4; Dkt. No. 1-2 at 8). Given his medical condition, Petitioner asks the Court to order Respondents to provide uninterrupted access to his prescribed medication and provide constitutionally adequate care for the remainder of his custody while Respondents work to effectuate his removal. (Dkt. No. 23 at 5).

As such, the Court **ORDERS** Respondents to file an advisory **by August 3, 2026**, addressing the status of their efforts to effectuate Petitioner's removal and the status of Petitioner's ongoing medical treatment while he is detained.

It is so **ORDERED**.

**SIGNED** on July 28, 2026.

_____
John A. Kazen
United States District Judge