United States District Court
Southern District of Texas
**ENTERED**
September 01, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **CURTIS JAMES WRIGHT,** | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 5:26-CV-087** |
| | § | |
| **WARDEN, *et al.*,** | § | |
| **Respondents.** | § | |

# ORDER

Before the Court is Petitioner's Petition for Writ of Habeas Corpus, (Dkt. No. 1), Petitioner's Emergency Motion to Enforce the Court's Jurisdiction, (Dkt. No. 9), Petitioner's Motion to Submit for Decision, (Dkt. No. 15), Respondents' Response and Motion for Summary Judgment, (Dkt. No. 12), and multiple Advisories and Status Updates, (Dkt. Nos. 25, 26, 28, and 29). On August 3, 2026, Respondents informed the Court that the BIA allowed Petitioner to withdraw his appeal, and thus, Petitioner was subject to a final order of removal. (Dkt. No. 25). Respondents stated that they intended to remove Petitioner within five days of August 3, 2026. (*Id.*). The Court ordered the parties to file a joint advisory stating the status of Petitioner's detention and removal. (Dkt. No. 27).

Petitioner's counsel filed an Advisory stating that "Petitioner infers that Petitioner has been removed. Petitioner cannot confirm that inference on the record now before him, and Respondents have not stated whether the removal occurred, when it occurred, or where Petitioner was released." (Dkt. No. 28 at 2). Respondents then filed a Status Report stating that Petitioner was released from immigration custody on August 9, 2026. (Dkt. No. 29). Respondents included a Warrant of Removal/Deportation confirming that Petitioner was removed on August 9, 2026. (Dkt. No. 29-1).

The instant petition was brought under 28 U.S.C. § 2241, which provides in relevant part: "The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." § 2241(c) (emphasis added). Generally, the Court's jurisdiction is limited to "actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988).

"A claim is moot when a case or controversy no longer exists between the parties." *Brinsdon v. McAllen Indep. Sch. Dist.*, 863 F.3d 338, 345 (5th Cir. 2017). In the Section 2241 context, if a petitioner is not in the physical custody of immigration officials, and there are no known restrictive conditions on his liberty, then the petition is moot. *See Rosales v. Bureau of Immigr. & Customs Enf't*, 426 F.3d 733, 735 (5th Cir. 2005) (explaining that Section 2241's "in custody" requirement extends beyond physical custody to also include other restraints on liberty).

The Court finds that the petition must be dismissed as moot. Here, Petitioner is no longer in custody within the meaning of 28 U.S.C. § 2241(c). *See Rosales*, 426 F.3d at 735. Petitioner is not in physical custody of Respondents, and there are no restrictive conditions on Petitioner's liberty at this time. As such, the Court finds no reason to believe that there is a live controversy remaining after Petitioner's removal, and the Court therefore has no jurisdiction.

Accordingly, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. No. 1) is **DISMISSED as moot** because Petitioner is no longer detained**.** All other pending motions and relief requested by Petitioner is **DENIED.**

A final judgment will follow.

It is so **ORDERED**.

**SIGNED** on September 1, 2026.

John A. Kazen
United States District Judge